# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Eugene Teasley,**

    **Plaintiff,**

    **v.**

**Commissioner of Social Security,**

    **Defendant.**

**Case No. 2:18-cv-1079**

**Judge Michael H. Watson**

**Magistrate Judge Vascura**

## OPINION AND ORDER

On June 21, 2019, Magistrate Judge Vascura issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Errors and affirm the decision of the Commissioner of Social Security. R&R, ECF No. 15. Plaintiff objects. Obj., ECF No. 16.

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court has reviewed *de novo* the record, the R&R, and Plaintiff's objections and agrees with the Magistrate Judge's recommendation.

Plaintiff first objects to the Magistrate Judge's conclusion that the 2018 ALJ properly considered and explained the reasons for discounting the Veteran

Affairs' ("VA") disability rating. Obj. 2, ECF No. 16. Plaintiff's case previously appeared before the Social Security Administration in 2016. Plaintiff argues the 2016 ALJ failed to consider the VA's specific disability rating regarding Plaintiff's right-hand impairment and failed to explain reasons for disregarding that specific disability rating in his 2016 decision. *Id.* Plaintiff argues that that omission, alone, required the 2018 ALJ to perform a *Joseph*-like analysis of the VA's decision in her 2018 ALJ decision. *Id.* (citing *Joseph v. Comm'r of Soc. Sec.*, 741 F. App'x 306, 310 (6th Cir. 2018)).

This objection is overruled. Just because one ALJ analysis was considered sufficient in *Joseph* does not mean an analysis of that detail is *required*. The Court has reviewed the 2018 ALJ's discussion of the VA's disability rating and agrees that it was sufficient.

In Plaintiff's second objection, he argues the Magistrate Judge erred in concluding that the ALJ performed a "fresh look" at his 2017 application for disability benefits. He seems to argue the ALJ did not perform a "fresh look" because she did not consider his 2018 VA treatment records. Obj., ECF No. 16.

This objection is waived—because it was raised for the first time in his reply brief. *See* R&R 19–20, ECF No. 15. In the alternative, as Plaintiff did not submit those records to the ALJ, but rather first submitted them on appeal to the

Appeals Council, the ALJ's failure to consider the records could not be a failure to perform the required "fresh look."[1]

With respect to Plaintiff's third objection, it does not matter whether Plaintiff attempted to make the additional medical records part of the administrative record by providing them to the Appeals Council on appeal. Plaintiff failed to argue that the Court should consider those records until he filed his reply brief to the Magistrate Judge. By failing to raise the argument in his Statement of Specific Errors, he has waived it.

For the above reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **AFFIRMS** the Commissioner's decision. The Clerk shall enter final judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATE DISTRICT COURT

---

[1] To the extent Plaintiff is not referring to those records when he refers in his objection to "the most recent medical evidence," Obj. 3, ECF No. 16, the Magistrate Judge has properly explained that the ALJ considered the other "new" evidence submitted by Plaintiff with his 2017 application: medical records from August 2016 through February 2018. R&R 11, ECF No. 15.